UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JOHN FITZPATRICK, | Case No.: 3:21-cv-01424-BTM-WVG |
|---|---|
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO VACATE THE FINAL JUDGMENT** |
| CALIFORNIA EMPLOYMENT DEVELOPMENT DEPARTMENT/ STATE DISABILITY INSURANCE PROGRAM, | |
| Defendants. | **[ECF NO. 26]** |

Pending before the Court is Plaintiff John Fitzpatrick's motion to vacate the final judgment in this matter. For the reasons discussed below, the Court will deny the motion.

## BACKGROUND

Plaintiff's first amendment complaint (FAC) alleged that he was entitled to $35,152.00 under the Longshore and Harbor Workers' Compensation Act for a work-related injury. (ECF No. 17, 2). The FAC further alleged that, in January 2019, Defendant California Employment Development Department (EDD) unlawfully took those funds. (Id.) Plaintiff asserted claims under the Fourth, Fifth,

and Fourteenth Amendments and certain provisions of the California Constitution, and he sought compensatory and punitive damages. (Id. at 3-5)

In March 2022, EDD moved to dismiss the FAC and argued that it was entitled to Eleventh Amendment immunity and that the statute of limitations barred Plaintiff's claims. (ECF No. 18) The Court agreed and found that Plaintiff's claims were barred by the Eleventh Amendment and the statute of limitations. (ECF No. 24) The Court determined that dismissal with prejudice was necessary because Plaintiff could not cure those deficiencies. (Id.) The Court directed the Clerk to enter judgment, which was entered on June 17, 2022. (ECF Nos. 24 & 25)

On July 13, 2022, Plaintiff moved to vacate the judgment, relying primarily on Federal Rule of Civil Procedure 60(b)(3). (ECF No. 26)

## LEGAL STANDARD

Under that provision, the Court can vacate the final judgment if Plaintiff (1) proves, "by clear and convincing evidence," that the judgment was "obtained through fraud" and (2) shows that he was therefore unable to "fully and fairly present[] his case." *Bunch v. United States*, 680 F.2d 1271, 1238 (9th Cir. 1982); *accord Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878-79 (9th Cir. 1990). More generally, a motion for reconsideration should be denied "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). Arguments that could have been presented originally will likely fail to satisfy the standard for reconsideration. *See id.*

## DISCUSSION

In short, Plaintiff failed to satisfy Rule 60(b)(3) and failed to show that reconsideration is warranted. First, Plaintiff failed to prove that the judgment was obtained through fraud. As stated, the Court determined that dismissal was required on two independent legal grounds: Eleventh Amendment immunity and

1 | the statute of limitations. Plaintiff's allegation of fraud pertains to the underlying
2 | merits of his claim – his claim of fraud relates to how EDD allegedly deprived him
3 | of his compensation – but has little to do with the two legal bases underpinning the
4 | Court's dismissal of the case. As such, Plaintiff was given a full, fair opportunity to
5 | present any arguments he wished to make regarding EDD's arguments for
6 | dismissal, and Plaintiff simply failed to prove that the final judgment was obtained
7 | through fraud. *See Fed. R. Civ. P.* 60(b)(3).

8 |     Second, Plaintiff has not provided an adequate basis to disturb the Court's
9 | legal decisions. As explained, those legal decisions do not pertain to the
10 | underlying merits of Plaintiff's allegation. Rather, the Court held, the Eleventh
11 | Amendment and the statute of limitations preclude the adjudication of Plaintiff's
12 | claim. When arguing that the Court erred, Plaintiff mainly focuses on the Court's
13 | statute-of-limitations decision. Plaintiff argues that the two-year limitations period
14 | did not expire because he filed the complaint seven months after he discovered
15 | the alleged fraud. (ECF No. 29)

16 |     But Plaintiff does not adequately explain the nature of the alleged fraud nor
17 | why he was unable to assert his claim before the expiration of the statute of
18 | limitations. In any case, the Court's determination that EDD is entitled to Eleventh
19 | Amendment immunity is an independent legal basis for the judgment, and Plaintiff
20 | has failed to undermine that determination.

21 |     Indeed, the Ninth Circuit has already held that EDD is entitled to Eleventh
22 | Amendment immunity. *Wood v. Sargeant*, 694 F.2d 1159, 1161 (9th Cir. 1982)
23 | ("As to the defendants California Employment Development Department and
24 | California Unemployment Insurance Appeals Board, the action is barred by the
25 | Eleventh Amendment to the United States Constitution."). Nor is this the first case
26 | where this Court has ruled that EDD is immune from suit under the Eleventh
27 | Amendment. *Nelson v. Cal. Emp. Dev. Dep't*, No. 21cv2145, 2022 U.S. Dist.
28 | LEXIS 41249, *10-11 (S.D. Cal. Mar. 8, 2022) ("Plaintiff's suit against the EDD is

barred by the Eleventh Amendment."); *see also West v. Cal. Bd. of Registered Nursing*, No. 11cv1760, 2011 U.S. Dist. LEXIS 94133, *9-10 (S.D. Cal. Aug. 23, 2011) (ruling that EDD was entitled to Eleventh Amendment immunity).  Because Plaintiff has not proved that the Court erred, reconsideration is simply not warranted.  *See generally Arnold*, 179 F.3d at 665.

## CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's motion to vacate the final judgment.  (ECF No. 26)

**IT IS SO ORDERED.**

Dated:  August 26, 2022

_____
Honorable Barry Ted Moskowitz
United States District Judge